## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD NIX, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: _____ ) |
| THOMAS WILLIAM DAVIDSON, IV, an individual, and BAYMONT, INC., a corporation, | ) JURY DEMAND REQUESTED ) ) ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff James Edward Nix (hereinafter "Plaintiff Nix") is over nineteen years of age, a resident of Winston County, Alabama and a citizen of the State of Alabama.

2. Defendant Thomas William Davidson, IV, (hereinafter "Defendant Davison") is over nineteen years of age, a resident of Tishomingo County, Mississippi, and a citizen of the State of Mississippi.

3. Defendant Baymont, Inc. (hereinafter "Defendant Baymont") is a Mississippi corporation, incorporated only in the State of Mississippi, with its principle place of business in Tishomingo County, Mississippi. Defendant Baymont is engaged in interstate transportation and trucking and was the employer of Defendant Davidson who was operating a commercial vehicle arising out of and

in the course of business of Defendant Baymont. Therefore, for purposes of diversity of citizenship, Defendant Baymont is a citizen of Mississippi.

4. The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

5. Venue is proper because the incident giving rise to this Complaint occurred in Franklin County, Alabama, which is included in the geographical boundaries of the Northernwestern Division of the United States District Court for the Northern District of Alabama.

6. On or about the 9th day of March 2015, Plaintiff Nix was driving on Alabama State Highway 24, Franklin County, Alabama. At the same time and place, a commercial tractor trailer owned by Defendant Baymont and driven by Defendant Davison, an employee of Defendant Baymont, was negligently, wantonly and recklessly operated in such a way as to strike the back end of Plaintiff Nix's vehicle, causing Plaintiff Nix injuries and damages.

## COUNT I – NEGLIGENCE

7. Plaintiff Nix re-asserts, re-alleges and incorporates paragraphs 1 through 6 as if set out herein in full.

8. Plaintiff Nix contends that Defendant Davidson, had a duty to operate his motor vehicle in a safe manner consistent with the Rules of the Road of Alabama and the Federal Motor Carrier Safety Regulations.

9. Plaintiff Nix contends that Defendant Davidson, while in the line and scope of his employment with Defendant Baymont, breached his duty by failing to pay attention, by failing to keep a proper lookout for other vehicles, by failing to maintain a safe traveling distance behind traffic ahead, and by running into the back end of the vehicle operated and occupied by Plaintiff Nix.

10. As a direct and proximate result of Defendant Davidson's negligent conduct, Plaintiff Nix suffered injuries, including, but not limited to, injuries to his head, neck, and back, as well as scrapes, bruises and contusions about the face and body. He was otherwise injured, suffered great pain of body and mind, sustained permanent injuries, incurred lost wages, property damage expenses, substantial expenses for medical attention and hospitalization, and will incur future medical expenses and future lost wages.

11. Plaintiff Nix alleges that at the time of the wreck, Defendant Davidson operated the commercial tractor-trailer owned by Defendant Baymont with Defendant Baymont's consent and knowledge and under the authority given by Defendant Baymont. Defendant Davison was an employee of Defendant Baymont, and was acting in the course of and within the scope of his employment and in furtherance of the business of Defendant Baymont at the time he committed the acts of negligence that directly and proximately caused the wreck, injuries, and

damages suffered by Plaintiff Nix. The negligence of Defendant Davidson is imputed to Defendant Baymont by virtue of the doctrine of *respondeat superior*.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nix demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Davidson and Defendant Baymont, for compensatory damages in an amount to be determined by a jury plus costs.

### COUNT II- WANTONNESS

12. Plaintiff Nix re-asserts, re-alleges and incorporates by reference paragraphs 1 through 11 as if set out herein in full.

13. Plaintiff Nix maintains that the conduct of Defendant Davidson, while in the line and scope of his employer Baymont, rose to the level of wantonness because Defendant Davidson knew or should have known that as a result of his conduct Plaintiff Nix would likely be injured.

14. As a direct and proximate result of Defendant Baymont's driver's wanton conduct, Plaintiff Nix was caused to suffer permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nix demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Davidson and Defendant Baymont for punitive damages in an amount to be determined by a jury plus costs.

## COUNT III- NEGLIGENT & WANTON ENTRUSTMENT

15. Plaintiff Nix re-asserts, re-alleges and incorporates by reference paragraphs 1 through 14 as if set out herein in full.

16. Plaintiff Nix states that on or about March 9, 2015, Defendant Baymont negligently and/or wantonly entrusted a vehicle to its employee.

17. Plaintiff Nix avers that said Defendant Davidson's negligent and/or wanton conduct in the operation of said entrusted vehicle was the direct and proximate cause of the injuries and damages to Plaintiff Nix.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nix demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Baymont for compensatory damages in an amount to be determined by a jury plus costs.

## COUNT IV- NEGLIGENT HIRING, TRAINING & SUPERVISION

18. Plaintiff Nix re-asserts, re-alleges and incorporates by reference paragraphs 1 through 17 as if set out herein in full.

19. Plaintiff Nix maintains that on or about March 9, 2015, Defendant Baymont, its agents and/or employees, negligently and/or wantonly hired, failed to adequately train, and/or supervise Defendant Davidson who operated a vehicle for Defendant Baymont in a negligent and/or wanton manner, causing injury to Plaintiff Nix.

20. The above-described negligent and/or wanton hiring, training, and supervising of Defendant Baymont's employee combined and concurred to directly and proximately cause the injuries and damages to Plaintiff Nix.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nix demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Baymont for compensatory damages in an amount to be determined by a jury plus costs.

Respectfully Submitted,

Robert L. Gorham (ASB-0010-H66R)
Melissa C. Taylor (ASB-5881-M34C)
Attorneys for Plaintiff

**OF COUNSEL:**
GORHAM & ASSOCIATES, LLC
517 Beacon Pkwy. West
Birmingham, Alabama 35243
P: (205) 943-9339
F: (205) 943-9338
bgorham@gorhamandassociates.com

## JURY DEMAND

Plaintiff demands trial by struck jury.

*[signature]*
Robert L. Gorham

**PLEASE SERVE DEFENDANT**
**VIA CERTIFIED MAIL AS FOLLOWS:**

Mr. Thomas William Davidson, IV
99 CR 169
Iuka, MS 38852

Baymont, Inc.
c/o Jeffery M. Stockton
1406 7th Street Northwest
Golden, MS 38847